1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

STEVE BARKET,

          Plaintiff,

v.

TOM CLARKE,

          Defendant.

2:12-CV-393 JCM (GWF)

14

**ORDER**

15      Presently before the court is counterdefendant Steve Barket's motion to dismiss.  Doc. #10.

16  Counterclaimant Tom Clarke filed an opposition (doc. #11), to which Barket replied (doc. #14).

17                                         **Background**

18      Clarke runs training programs for various types of tactical teams and security personnel as

19  well as providing consulting services for various movie and television producers regarding military

20  and security operations.  Countercl. at ¶ 4.  Clarke asserts that the various members of his team were

21  formerly associated with elite units of military and non-military organizations.  *Id.*  While the

22  pleadings provide scant detail as to exactly what Barket's profession is, it appears that he makes his

23  livelihood from internet marketing and internet reputation management.  Compl. ¶ 8.  Barket claims

24  that due to his profession his name is well known on the internet and highly valuable.  *Id.* ¶ 9.

25      Barket initially filed suit alleging violations of Anticybersquatting Consumer Protection Act,

26  15 U.S.C. § 1125(d) and the Lanham Act, 15 U.S.C. § 1125(a) and 15 U.S.C. § 8131.  *Id.* ¶ 1.  These

27  allegations   are   premised   on   Clarke's   alleged   registration   of   the   domain   names:

28

James C. Mahan
U.S. District Judge

1   <stevebarketexpose.com>, <stevebarketvegas.com> and <stevebarketinfo.com>, as well as, the
2   email address <stevebarket@aol.com>.  *Id.*

3       Clarke has counterclaimed, alleging negligence, negligent infliction of emotional distress,
4   interference with contractual obligations, intentional interference with prospective economic
5   advantage, defamation, and false light.  Clarke's claims are premised on allegations that Barket
6   divulged sensitive information about Clarke, his staff of advisors, and his clientele on the internet
7   beginning in, or around, 2011.  Countercl. ¶ 5.  Clarke claims that due to the many "sensitive areas"
8   that Clarke and his staff have worked over the years, divulging this information has caused grave
9   safety concerns for him and his staff.  *Id.* at ¶ 6.  Clarke further asserts that Barket posted information
10  about Clarke's fiancée, resulting in her being forced to relocate.  *Id.* at ¶ 5.

11                                   **Discussion**
12  1.    Standard of Review
13      A plaintiff must include a "short and plain statement of the claim showing that the pleader
14  is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the
15  defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp.*
16  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil
17  Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
18  can be granted."

19      Courts must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v. Makor*
20  *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  However, "[t]o survive a motion to dismiss, a
21  complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its
22  face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not
23  akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility
24  that a defendant has acted unlawfully.  *Id.*

25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

                                    - 2 -

1    2.    Analysis

2         I. Negligence

3         Clarke claims that Barket acted negligently by breaching his duty to act reasonably and

4    exercise ordinary care under the circumstances.  In order to succeed on a negligence claim Clarke

5    must allege:  (1) defendant owed a duty to plaintiff; (2) defendant breached the duty; (3) the breach

6    was the legal cause of plaintiff's injuries; and (4) plaintiff suffered damages.  *See Scialabba v.*

7    *Brandise Constr. Co., Inc.*, 112 Nev. 965, 968 (1996).  The nature and extent of a Barket's duty is

8    decided by the court, but the determination of whether Barket used reasonable care under the

9    circumstances is a question for the jury.  *See Lee v. GNLV Corp.*, 117 Nev. 291, 296 (2001).  General

10   negligence standards dictate a duty to use reasonable care to avoid foreseeable harm.  *See Butler v.*

11   *Bayer*, 123 Nev. 450, 454–55 (2007) (finding that a general standard of negligence is to exercise

12   reasonable care under the circumstances).

13        This court finds that Clarke made sufficient factual allegations to support a negligence claim.

14   Clarke asserts that Barket breached a duty of care when he placed personal information about Clarke,

15   his staff and his clientele on the internet.  Countercl. ¶ 4–11.  Barket allegedly acted unreasonably

16   when he divulged personal information on the internet, especially in light of the sensitive nature of

17   Clarke's job.  *Id.*  Clarke claims that his grave concern for safety and his fiancée's relocation were

18   directly caused by Barket's actions.  *Id.*  Furthermore, Clarke contends that as a result of Barket's

19   actions, his staff and their families had concerns for safety.  *Id.*  Clarke maintains that he suffered

20   damages as a result of Barket's behavior.  *Id.*

21        The allegations put forth by Clarke are sufficient to plead a claim for negligence.

22   Accordingly, Barket's motion to dismiss the "negligence" claim is denied.

23        ii. Negligent Infliction of Emotional Distress

24        This court finds that Clarke made an insufficient showing for a negligent infliction of

25   emotional distress claim.  Clarke's claim for negligent infliction of emotional distress fails, because

26   Clarke alleges that he was the direct victim of Barket's allegedly negligent actions.  In *Shoen v.*

27   *Amerco*, 111 Nev. 735, the Nevada Supreme Court explained that negligent infliction of emotional

28

James C. Mahan
U.S. District Judge

- 3 -

1    distress claims include "a bystander's emotional injury caused by witnessing physical injury to a

2    third-person caused by defendant's negligence." *Id.* at 748. However, a "direct victim," as opposed

3    to a bystander, can "assert a negligence claim that includes emotional distress as part of the damage

4    suffered as well as an intentional tort cause of action." *Id.*

5          Accordingly, a direct victim, such as Clarke, may bring an intentional infliction of emotional

6    distress claim, but may not assert a negligent infliction of emotional distress claim. Where the

7    evidence "presents a close case of whether an intentional or a negligent act was committed" the

8    direct victim may also seek recovery for emotional distress through a simple negligence claim. *See*

9    *Id.*; *see also Kennedy v. Carriage Cemetery Services, Inc.*, 727 F. Supp. 2d 925, 934-35 (D. Nev.

10   2010) ("[a]lthough *Shoen* made emotional harm available as a measure of damages for a simple

11   negligence claim, the case did not expand the NIED cause of action itself to include an alternative

12   to IIED where the defendant's extreme and outrageous conduct was merely negligent.").

13         Since Clarke has pled negligent infliction of emotional distress as a separate claim, Barket's

14   motion to dismiss the "negligent infliction of emotional distress" claim is granted.

15         iii. Interference with Contractual Relations

16         Clarke claims that Barket interfered with Clarke's contractual relations. In order to establish

17   interference with contractual relations, Clarke must allege: (1) a valid and existing contract; (2)

18   defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the

19   contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. *Hilton*

20   *Hotels Corp. v. Butch Lewis Prods.*, 109 Nev. 1043, 1048 (1993).

21         This court finds that Clarke sufficiently pled an interference with contractual relations claim.

22   Clarke asserts that he was engaged in valid and existing contracts with third parties, of which Barket

23   had knowledge. Countercl. ¶ 16–19. Barket allegedly used his knowledge of Clarke's existing

24   contracts and made false, disparaging, and defamatory statements in the presence of and to third

25   parties and competitors. *Id.* Clarke further maintains that Barket posted false, disparaging, and

26   defamatory statements on the internet. *Id.*

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Accordingly, Barket acted intentionally to disrupt Clarke's contracts by making false,

2   disparaging and defamatory statements about Clarke to third parties and competitors.  *Id.*  Clarke

3   contends that his contracts were disrupted as a result of the allegedly intentional conduct by Barket

4   which, Clarke claims, interfered with his ability to conduct normal business.  *Id.*  Clarke asserts that

5   the culmination of Barket's actions resulted in damages.  *Id.*

6    The allegations put forth by Clarke are sufficient to plead a claim for interference with

7   contractual relations.  Accordingly, Barket's motion to dismiss the "interference with contractual

8   relations" claim is denied.

9    iv. Intentional Interference with Prospective Economic Advantage

10    Clarke claims that Barket's conduct ruined Clarke's reputation in the business and marketing

11   community which caused the loss of prospective economic opportunity with respect to existing and

12   prospective clients.

13    In order to establish intentional interference with prospective economic advantage, Clarke

14   must allege:  (1) a prospective contractual relationship between Clarke and a third party; (2)

15   knowledge by defendant of the prospective relationship; (3) intent to harm plaintiff by preventing

16   the relationship; (4) the absence of privilege or justification by defendant; and (5) actual harm to

17   plaintiff as a result of defendant's conduct.  *See Wichinsky v. Mosa*, 109 Nev. 84, 88 (1993).

18    This court finds that Clarke sufficiently pled an intentional interference with prospective

19   economic advantage claim.  Clarke alleges that he had prospective contractual relationships with

20   existing and prospective clients.  Countercl. ¶ 21–23.  Clarke claims that Barket knew of Clarke's

21   relationships.  *Id.*  Barket allegedly divulged personal and work related information about Clarke to

22   third parties, competitors and posted this information on the internet.  *Id.*  Clarke asserts that Barket

23   was aware of contractual relationships that Clarke had because he engaged in disclosing disparaging,

24   false, and defamatory information to third parties and competitors.  *Id.*

25    Further, Clarke maintains that Barket, without right or justification, engaged in spreading

26   false information to competitors and to third parties to intentionally harm any existing and future

27   relationships of Clarke.  *Id.*  Clarke claims that Barket knew his conduct would substantially interfere

28

James C. Mahan
U.S. District Judge

- 5 -

with, disrupt and injure Clarke by causing loss of prospective economic opportunity with respect to existing and prospective clients. *Id.* Clarke contends that Barket substantially interfered with Clarke's business and ruined his reputation. *Id.* Clarke asserts that as a result of Barket's alleged behavior Clarke sustained damages. *Id.*

The allegations put forth by Clarke are sufficient to plead a claim for intentional interference with prospective economic advantage. Accordingly, Barket's motion to dismiss the "intentional interference with economic advantage" claim is denied.

v. Defamation

Clarke claims that Barket posted defamatory remarks on the internet. In order to prove a prima facie case for defamation Clarke must allege: (1) a false and defamatory statement made by defendant concerning plaintiff; (2) an unprivileged publication to a third party; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *See Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 483 (1993). If the defamation tends to injure Clarke in his business or profession then it is considered per se, and damages will be presumed. *Id.* at 483–84.

This court finds that Clarke sufficiently pled a defamation claim. Clarke claims that Barket made false, defamatory, disparaging, baseless, unsupported remarks and innuendos about Clarke including the following: (1) Barket asserts that Clarke claims he was in the military; (2) Barket allegedly made false statements about Clarke regarding his taxes and the IRS; and (3) Barket claims that Clarke filed for bankruptcy. Countercl. ¶ 24–28. Barket allegedly stated these claims in the presence of and to third parties. *Id.* Clarke asserts that Barket also posted these false comments on the internet without permission. *Id.* Barket's alleged conduct would constitute and unprivileged publication to a third party because the statements were posted on the internet and were stated to and in the presence of third parties and competitors. *Id.*

Clarke contends that Barket's conduct adversely effected Clarke's business. *Id.* Clarke asserts that Barket posted this information intentionally and maliciously on the internet in order to adversely effect Clarke's business, reputation and goodwill. *Id.* Clarke maintains that he depends on his well established business reputation in order to successfully conduct business and Barket's

James C. Mahan
U.S. District Judge

- 6 -

1   false statements and publications effected Clarke's business.  *Id.*  Clarke alleges that Barket's actions

2   damaged him.  *Id.*

3          The allegations put forth by Clarke are sufficient to plead a claim for defamation.  Therefore,

4   Barket's motion to dismiss the "defamation" claim is denied.

5          vi. False Light

6          Clarke claims that Barket, without right or justification, published defamatory and

7   disparaging statements to third parties that placed Clarke in a false light.  To plead false light

8   invasion of privacy, Clarke must allege: (1) defendant gave publicity to a matter concerning plaintiff

9   that placed him before the public in a false light; (2) that the false light would be highly offensive

10  to a reasonable person; and (3) defendant had knowledge of, or acted in recklessly disregard as to,

11  the falsity of the publicized matter and the false light in which plaintiff would be placed.  *Vail v.*

12  *Pioneer Mut. Life Ins. Co.*, No. 2:10-cv-233-JCM (LRL), 2010 U.S. Dist.  LEXIS 107994, at *5–6

13  (D. Nev. Oct. 6, 2010).  False light also requires an implicit false statement of objective fact.  *Id.*

14         "The false light action differs from a defamation action in that the injury in privacy actions

15  is mental distress from having been exposed to public view, while the injury in defamation actions

16  is damage to reputation."  *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111

17  Nev. 615, 622 n.4 (1995), *overruled in part on other grounds by City of Las Vegas Downtown*

18  *Redevelopment Agency v. Hecht*, 113 Nev. 644, 650 (1997).  A false light claim may be defamatory

19  but there is no requirement for it to be defamatory.  *Id.*

20         The court addressed the facts as to this claim in its discussion of defamation.  The facts

21  alleged against Barket also meet the prima facie elements for false light.  *See Vail*, 2101 U.S. Dist.

22  LEXIS 107994, at *5–6.  As explained above, Barket has allegedly published false statements about

23  Clarke.  Countercl. ¶ 24–34.  Clarke asserts that the false light in which he was placed could be

24  considered highly offensive to a reasonable person.  Moreover, Clarke claims that Barket was

25  reckless when he published the false statements concerning Clarke.  Clarke maintains that his

26  reputation was damaged as a result of Barket's behavior.  *Id.*

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    The allegations put forth by Clarke are sufficient to plead a claim for false light.  Therefore,

2  Barket's motion to dismiss the "false light" claim is denied.

3                                            **Conclusion**

4        For the reasons state above,

5        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that counterdefendant's

6  motion to dismiss (docs. #10) be, and the same hereby is, GRANTED in part, and DENIED in part.

7        DATED June 26, 2012.

8

9   _____

10       **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**