UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE BARKET, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00393-JCM-GWF |
| vs. | ) | **ORDER** |
| TOM CLARK aka TOM CLARKE, | ) | **Motion for Protective Order (#26)** |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Protective Order (#26), filed on January 14, 2013 and Plaintiff's Opposition to Defendant's Motion for Protective Order (#28), filed on January 28, 2013. The Court conducted a hearing in this matter on February 20, 2013.

## BACKGROUND

Defendant Tom Clark seeks a protective order barring the Plaintiff Steve Barket from posting the video recording or transcript of Defendant's deposition on the internet and to preclude Plaintiff from disseminating the video recording or transcript of Defendant's deposition to third persons. Defendant also requests an order prohibiting the Plaintiff from recording Defendant's deposition by any means other than by the authorized court reporter and videographer.

Plaintiff Steve Barket has sued Defendant Tom Clark for violation of 18 U.S.C. §1125(d), the Anticybersquatting Consumer Protection Act, and 15 U.S.C. §1125(a) and §8131, the Lanham Act. Plaintiff alleges that Defendant has wrongfully registered the domain names <stevebarketexpose.com>, <stevebarketvegas.com>, and <stevebarketinfo.com> as well as the email address <Stevebarket@aol.com>. Barket further alleges that his livelihood is reliant on the internet and he earns a living through internet marketing and internet based reputation management.

Barket states that due to his profession, his name is well known on the internet and is therefore highly valuable. *Amended Complaint (#5)*, ¶¶ 8, 9. Defendant Clark has filed a counterclaim against Barket in which Clark alleges that he runs a training program for various types of tactical teams and security personnel. Clark also alleges that he consults with various movie makers and television producers to provide expert information regarding military and security operations so that the movies and television shows are technically accurate. Clark alleges "[t]hat in or about the middle of 2011, Counterdefendant Barket began playing on the internet and on sites dedicated to divulging sensitive information about Clark, his staff of advisors, and his clientele." *Answer and Counterclaim (#8)*, ¶5. Clark also alleges that Barket posted information about Clark's fiancé which resulted in her having to relocate for safety concerns. Clark alleges claims against Barket for negligence, negligent infliction of emotional distress, interference with contractual relations and with prospective economic advantage, defamation, and false light.

Plaintiff Barket previously noticed the video deposition of Defendant Clark for January 10, 2013. Defendant's counsel requested that Plaintiff's counsel stipulate that Plaintiff or his agents would not post the video recording or transcript of Clark's deposition on the internet. Plaintiff's counsel refused to so stipulate and the parties agreed to postpone Clark's deposition pending a decision on Defendant's motion for protective order. Clark also alleges that Barket told him on several occasions that he would post the video recording of the deposition on the internet. *Motion (#26), pg. 2*. Defendant attached copies of statements that Barket allegedly posted on the internet stating that he would love to see Clark in a deposition and that he "cannot wait to video tape Tom Clarke's deposition." *Id., Exhibit D*. Plaintiff has not disavowed the intention to post Clark's deposition on the internet.

## DISCUSSION

Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought. The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To meet that burden of

persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id., citing Cipollone v. Liggett*. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003), *citing San Jose Mercury News, Inc. v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984), a state trial court entered a protective order that prohibited the defendant newspapers from publishing or disseminating plaintiff's financial information and donor names that were produced in discovery. In support of the motion for protective order, plaintiff provided information regarding anonymous threats or harassment that he and members of his organization had received as a result of defendants' publication of allegedly defamatory articles about the plaintiffs. In upholding the protective order, the Supreme Court stated that it was important to recognize the extent of the impairment of First Amendment Rights that the protective order may cause. The Court noted that the defendants gained the information they wished to disseminate only by virtue of the trial court's discovery processes. The Court stated:

> A litigant has no First Amendment right of access to information made available only for purposes of trying his lawsuit. (citation omitted) Thus, continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations." 104 S.Ct. at 2207.

The Court further stated that pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and depositions are generally conducted in private as a matter of modern practice. *Id.* at 2207-8. The Court also noted that much of the information that surfaces during pretrial discovery may be unrelated or only tangentially related to the underlying cause of action and therefore not admissible at trial. *Id.* at 2208.

Federal district court decisions are divided on the question of whether a protective order should be issued to prohibit the posting of a party's deposition on the internet. In *Larson v. American Family Mut. Ins. Co.*, 2007 WL 622214, *1 (D.Colo. 2007), the court entered a protective order that video depositions taken in the case not be publicly disseminated at any time, except as to those portions of video depositions actually admitted at trial and which therefore become part of the public record in the case. In so holding, the court echoed *Seattle Times Co. v. Rhinehart* in stating that "[a] videotaped deposition is, by nature, information that would not otherwise be obtained by opposing counsel, absent this litigation. It is, therefore, appropriate that such information be limited to use in this lawsuit, if the Defendant can establish that other uses will subject the deponents to annoyance, harassment and embarrassment." *See also Patterson v. Burge*, 2007 WL 2128363 (N.D.Ill. 2007) (protective order entered barring the public dissemination of deposition transcripts and videotapes).

In *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559 (D.Utah 2011), however, the district court denied the plaintiff/counterdefendant's motion for protective order to prohibit the disclosure of deposition transcripts and video recordings of depositions taken in the case. The plaintiff had sued the defendant for defamation, including the allegation that defendant had published defamatory information about the plaintiff on websites and through electronic media. Plaintiff argued that defendant's refusal to agree to a protective order against public dissemination of depositions implied, at the very least, that defendant might use the depositions for purposes other than the litigation, including publishing through electronic and other media. *Id.* 275 F.R.D. at 560. In denying the protective order, the court distinguished cases, such as *Paisley Park Enterprises, Inc. v. Uptown Productions*, 54 F.Supp.2d 347 (S.D.N.Y. 1999), where there was evidence that the opposing party intended to publicize the movant's deposition for commercial gain. The court stated:

> [T]here is nothing inherently oppressive in the dissemination of Pia's deposition. In fact, several courts have noted that the sharing of depositions should be encouraged. Similarly, while dissemination of Pia's deposition may cause him some level of discomfort, the court concludes that is not sufficient to support the entry of protective order. As Supernova argues, there is no legitimate concern that any

4

      deposition in this case will be used for commercial or other private pursuits.

*Pia*, 275. F.R.D. at 561-62.

  This Court respectfully disagrees with the analysis in *Pia* and finds *Larson v. American Family Mut. Ins. Co.* to be more persuasive. The case cited by the *Pia* court, in support of the statement that the sharing of depositions should be encouraged, involved the sharing of defense expert witness depositions among different plaintiffs, in different courts, in different jurisdictions. *Burlington City Bd. of Educ. v. U.S. Mineral Products*, 115 F.R.D. 188, 190 (M.D.N.C. 1987). *Burlington* stated that the sharing of such depositions promotes speedy, efficient and inexpensive litigation by facilitating the dissemination of discovery material necessary to analyze one's case and prepare for trial. Such laudatory purposes are not generally served, however, by the internet publication of an individual party's pretrial deposition concerning a discrete dispute between he and another party.

  Good cause for the issuance of a protective order in this case is supported by the fact that the subject dispute concerns each party's alleged improper use of the internet to harm the other. Plaintiff's alleged internet statements regarding his desire to take and see Defendant's video deposition also suggest that he may post that deposition or excerpts therefrom on the internet to support his position in this case or to possibly make other criticisms or accusations against the Defendant. Such postings will likely serve only to add fuel to the dispute between the parties. It is also impossible to control the editing of such material by others once it has been posted. Defendant also points out that public dissemination of his deposition prior to trial undermines the witness exclusionary rule in Fed.R.Evid. 615 by giving potential trial witnesses access to Defendant's testimony prior to their own depositions or trial testimony.

  Because depositions are information that the parties only obtain by virtue of the court governed civil discovery process, it is appropriate to issue a protective order precluding the posting of the parties' depositions on the internet. This does not bar either party from disseminating or publishing information obtained through means or sources other than the discovery process, subject, of course, to laws governing defamation, copyright or other forms of protected information.

1  The Court also recognizes that Plaintiff may, at some future time, have reasonable grounds for
2  sharing Defendant's deposition transcript with third persons.  For example, if another person
3  alleges a substantially similar claim against Defendant Clark, his testimony in this case may be
4  relevant and discoverable for use in the other case.  Such instances can, however, be dealt with on a
5  case-by-case basis without undue burden on either party in this action.

## CONCLUSION

Based on the foregoing, the Court finds that good cause exists for entry of a protective order that precludes either party[1] from publicly disseminating, on the internet or otherwise, the depositions of the parties taken in this action.  This order does not preclude either party from hereafter publishing deposition testimony that is admitted into evidence at trial and thereby becomes part of the public record.  The Court further orders that the depositions shall not be disclosed to third persons who have no interest or involvement in this action, except as may be authorized by future court order.  The protective order applies to the parties, their agents, including the parties' counsel and counsel's staff, and to the court reporters and videographers who record the testimony.  It is also ordered that the depositions shall not be recorded by any means other than by the authorized court reporter and videographer.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order (#26) is **granted** in accordance with the foregoing provisions of this order.

Dated this 21st day of February, 2013.

_/s/ George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Although Plaintiff did not counter-move for such a protective order, the Court concludes that the same restriction should be imposed on the publication of Plaintiff's deposition, if it is taken in this action.

6